**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

LARRY ENDICOTT, a/k/a Frankie,
　　　　　*Defendant-Appellant.*

No. 00-4828

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Joseph Robert Goodwin, District Judge.
(CR-00-35)

Submitted: April 27, 2001

Decided: May 17, 2001

Before LUTTIG and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jane Moran, LAW OFFICES OF JANE MORAN, Williamson, West
Virginia, for Appellant. Rebecca A. Betts, United States Attorney,
Lisa A. Green, Assistant United States Attorney, Huntington, West
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Larry Endicott appeals the 210-month sentence he received after pleading guilty to money laundering, in violation of 18 U.S.C.A. § 1956(h) (West 2000). He contends the district court erred in finding his case was not an extraordinary one in which adjustments for both obstruction of justice and acceptance of responsibility should be given. *See U.S. Sentencing Guidelines Manual* § 3E1.1, comment. (n.4) (1998). Endicott further argues his sentence violates due process. We affirm.

Endicott was arrested in March 2000, pursuant to an indictment charging a drug conspiracy. He was released and placed on electronic monitoring. Endicott then cut off the electronic monitoring device, failed to report to the probation officer, and failed to appear for arraignment on a superseding indictment. The court found Endicott's conduct warranted an enhancement for obstruction of justice and declined to adjust Endicott's offense level for acceptance of responsibility.

The denial of an adjustment for acceptance of responsibility is a factual determination reviewed for clear error. *United States v. Miller*, 77 F.3d 71, 74 (4th Cir. 1996). The determinations of the district court on review are due great deference. *United States v. Nale*, 101 F.3d 1000, 1005 (4th Cir. 1996) (citing USSG § 3E1.1, comment. (n.5)). The burden is on the defendant to establish by a preponderance of the evidence that he is entitled to the adjustment. *United States v. Urrego-Linares*, 879 F.2d 1234, 1238-39 (4th Cir. 1989).

In all but extraordinary cases, a defendant who receives an enhancement in his sentence for obstruction of justice is ineligible for a reduction for acceptance of responsibility. USSG § 3E1.1, comment. (n.4). This Circuit has not explicitly defined what circum-

stances amount to such an "extraordinary case" but has reviewed the facts on a case-by-case basis. *See, e.g.*, *United States v. Murray*, 65 F.3d 1161, 1165-66 (4th Cir. 1995); *United States v. Melton*, 970 F.2d 1328, 1335-36 (4th Cir. 1992); *United States v. Hicks*, 948 F.2d 877, 885 (4th Cir. 1991). We find the district court's denial of a downward adjustment for acceptance of responsibility was not clearly erroneous.*

Endicott argues he was prejudiced by the Government's delay in charging him, violating his constitutional right to due process. Generally, the Government is not required to justify an extended investigation. *See United States v. Jones*, 18 F.3d 1145, 1155 (4th Cir. 1994). We find this claim is without merit.

Lastly, Endicott argues that denying him an acceptance of responsibility adjustment was fundamentally unfair due to his actions in admitting the offense, disclosing uncharged activity, and cooperating with the Government. We find this argument to be without merit.

Accordingly, we affirm Endicott's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*We have reviewed the record and are satisfied the district court recognized its authority to grant an adjustment for acceptance of responsibility in an extraordinary case.